## Fleming v. Siegel.

*Practice Act of May 14, 1915, P. L. 483—Affidavit of defence—General denials—Admissions.*

Where the plaintiff in an action in *assumpsit*, in order to make out his case, offers in evidence the first eight paragraphs of the affidavit of defence, each of which contains a general denial, and the general denial in these paragraphs is supplemented by a ninth paragraph wherein the material averments of the statement are specifically and sufficiently denied, the general denials are not to be regarded as an admission, and on the refusal of plaintiff to proceed with the evidence, a compulsory non-suit is properly entered.

Rule to strike off compulsory non-suit and rule for judgment *n. o. v.* C. P. No. 5, Phila. Co., June T., 1922, No. 8007.

*Thomas C. Egan*, for plaintiff; *Byron A. Milner*, for defendant.

HENRY, P. J., 52nd judicial district, specially presiding, Dec. 1, 1926.—At the trial of this case the plaintiff offered the first eight paragraphs of his statement, together with the corresponding paragraphs of the affidavit of defence, in which there was a simple, general denial, and then rested, claiming that there not having been sufficient denial of the averments of the statement, the facts there set forth must be deemed to be admitted. The defendant then directed the court's attention to paragraph 9 of the affidavit of defence, wherein the material averments of the statement were specifically and sufficiently denied. The defendant then, further, with the court's permission, filed an amended affidavit of defence, in which the averments of the statement were denied in corresponding paragraphs of the affidavit of defence. The plaintiff still relied upon the averments of the statement and affidavit of defence as sufficient admissions of the facts upon which his claim was founded, and declined to present any evidence, whereupon the court, upon motion of the defendant, granted a compulsory non-suit, which the plaintiff now moves to strike off. The plaintiff has also moved for judgment *non obstante veredicto*.

The question now is, whether the defendant's denial in the ninth paragraph of the affidavit of defence could be considered in connection with the preceding eight paragraphs as an answer to the eight paragraphs of the plaintiff's claim; and, if not, then whether the defendant should not have been permitted to amend the affidavit of defence by denying the averments of the statement by corresponding paragraphs in the amended affidavit of defence.

Undoubtedly, the better pleading would be to deny the averments of the statement, paragraph by paragraph; but where, as here, there is a general and insufficient denial, and then an added paragraph which is supplementary of this general denial and sufficiently meets the material averments of the

plaintiff, we would not be warranted in saying that the defendant admits the facts alleged in the statement. As a matter of fact, the averments are denied. The plaintiff might, possibly, have made an attack upon this affidavit of defence as being improper in form; but the substance of a complete denial is there, and when the defendant filed an amended affidavit, there was an affidavit of defence which met every requirement of the Practice Act of 1915; and we think the court would have erred had the amendment been refused in a case like this, where there is a substantial denial, but lacking only in not being in proper form.

The material averments of the statement having been denied by the affidavit of defence, as well as by the amended affidavit of defence, it was incumbent upon the plaintiff to submit evidence in support of his claim, and in default of such evidence the court could only grant the compulsory non-suit as requested by the defendant.

If the court was right in entering this non-suit, then it follows that the plaintiff is not entitled to judgment *non obstante veredicto.*

And now, to wit, Dec. —, 1926, the motion of the plaintiff to strike off the compulsory non-suit is overruled. The motion of plaintiff for judgment *non obstante veredicto* is overruled; and an exception to this action of the court is hereby entered for plaintiff.